# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Elton F. Alexander, et al.,** | **Case No. 1:25-mc-00012-PAB** |
| **Movants,** | |
| -vs- | |
| | **JUDGE PAMELA A. BARKER** |
| **Pacific Western Bank, et al.,** | |
| **Respondents.** | **MEMORANDUM OPINION & ORDER** |

Currently pending before the Court is Movants Elton F. Alexander and Cheri D. Alexander's ("Debtors") Motion to Withdraw Reference of Adversary Proceeding and Transfer to District Court (the "Motion to Withdraw"). (Doc. No. 1.)  Respondent Pacific Western Bank ("Pacific Western") filed an Opposition to the Motion to Withdraw on March 26, 2025. (Doc. No. 2.)  The Debtors filed supplemental briefing on October 23, 2025, to which Pacific Western responded to on November 6, 2025. (Doc. Nos. 4, 5.)  For the following reasons, the Debtors' Motion to Withdraw is DENIED.

## I.  Procedural History

On June 1, 2022, the Debtors initiated their bankruptcy case by filing their Petition under Chapter 13 of the Bankruptcy Code. (*In re Alexander*, Case No. 22-11581-jps (the "Main Case"), Doc. No. 1.)  With their Petition, the Debtors filed their bankruptcy schedules. (*Id.*)  Therein, the Debtors disclosed having contingent claims against "David Patterson, Esq.,[] Halon, LLC and Myron and Kimberly Washington related to the improper sale of real estate in *Capitalsource Bank v. Elton F. Alexander, et al.* Cuyahoga County Case No. CV-11-747750." (*Id.* at Page 18.)  Then, on September 14, 2022, the Debtors' filed amended schedules and did not include any claims related to the sale of real estate in "*Capitalsource Bank v. Elton F. Alexander, et al.* Cuyahoga County Case

No. CV-11-747750." (Main Case Doc. No. 38.)

On November 17, 2022, the Bankruptcy Court issued an order confirming the Debtors'
Chapter 13 plan. (Main Case Doc. No. 47.)  Approximately one month later, on December 16, 2022,
the Debtors filed a lawsuit against Halon LLC, Pacific Western, Aeon Financial, LLC, and David N.
Patterson, Esq. in the Cuyahoga County Court of Common Pleas.  (*Alexander, et al. v. Pacific
Western Bank*, 24-01053-jps (the "Adv. Proc."), Doc. No. 1, Page 3.)  The claims raised in the
Complaint relate to the sale of real estate in "*Capitalsource Bank v. Elton F. Alexander, et al.*
Cuyahoga County Case No. CV-11-747750." (*Id.*)  Nearly a year later, on November 27, 2023,
Debtors amended their schedules to disclose their claims against Pacific Western.  (Main Case Doc.
No. 62, Page 8.)  On March 26, 2024, the Debtors dismissed the state court action.

Then, on June 11, 2024, the Debtors refiled their state case.  (Adv. Proc. Doc. No. 1, Page 4,
Ex. A.)  On July 15, 2024, Pacific Western moved to dismiss arguing, among other things, that the
Debtors were judicially estopped from pursuing their claims based on the Confirmation Order and
because of their failure to disclose the claims against Pacific Western.  (Adv. Proc. Doc. No. 1, Ex.
B.)  A few months later, on September 4, 2024, Pacific Western removed the case to the Bankruptcy
Court pursuant to 28 U.S.C. § 1452(a).  (Adv. Proc. Doc. No. 1.)

On October 3, 2024, the Debtors filed a "Motion to Remand the State Court Action and
Motion for Attorney Fees Against Defendant Pacific Western Bank" (the "Motion to Remand') (Adv.
Proc. Doc. No. 9.)  Pacific Western opposed the Motion to Remand on October 17, 2024.  (Adv. Proc.
Doc. No. 11.)  On December 11, 2024, the Bankruptcy Court held a hearing on the Motion to Remand.
Then, on January 14, 2025, the Bankruptcy Court issued an order denying the Motion to Remand:

> The matter before the Court is the Debtors' Motion for Remand (Doc. No. 9).
> Pacific Western Bank opposes the relief sought (Doc. No. 11). A hearing was held

2

on the matter on December 11, 2024. For the reasons stated on the record, Debtors'
Motion fails to state good cause and is denied.

(Adv. Proc. Doc. No. 20.)

Two weeks later, on January 28, 2025, the Debtors filed their Motion to Withdraw in this
Court.  (Adv. Proc. Doc. No. 22; Doc. No. 1.)  On February 11, 2025, Pacific Western filed its
Opposition to the Motion to Withdraw.  (Adv. Proc. Doc. No. 25; Doc. No. 2.)  The Debtors did not
file a reply in support of their Motion to Withdraw.  On March 12, 2025, the Bankruptcy Court issued
an order transmitting the Motion to Withdraw and Pacific Western's Opposition to this Court.  (Adv.
Proc. Doc. No. 32.)[1]

On March 20, 2025, Pacific Western refiled their Motion to Dismiss in the Bankruptcy Court,
arguing again that that Debtors were judicially estopped from pursuing their claims based on the
Confirmation Order and because of their failure to disclose the claims against Pacific Western.  (Adv.
Proc. Doc. No. 33.)  The Debtors opposed the Motion to Dismiss on April 3, 2025, to which Pacific
Western replied on April 10, 2025. (Adv. Proc. Doc. Nos. 35, 42.)  As of the date of this Memorandum
Opinion and Order, the Bankruptcy Court has not ruled on the Motion to Dismiss.

While the Motion to Withdraw was pending, on September 26, 2025, the Debtors filed a
"Request for Judicial Notice in Support of Movants' Motion to Withdraw Reference of Adversary
Proceeding and Transfer to District Court."  (Doc. No. 3.)  Therein, the Debtors requested that the
Court take judicial notice of the Bankruptcy Court issuing an Order of Discharge, which was entered
on September 24, 2025.  (*Id.*; *see also* Main Case Doc. No. 93.)  On October 2, 2025, the Court issued
a non-doc order requesting further briefing on "what, if any, impact the Bankruptcy Court's Order of

---

[1] Pacific Western refiled its Opposition with this Court on March 25, 2025.  (Doc. No. 2.)

3

Discharge has upon the pending Motion to Withdraw Reference."  On October 23, 2025, the Debtors filed their brief, to which Pacific Western responded on November 6, 2025.  (Doc. Nos. 4, 5.) Notably, the Debtors' position changed.  In their brief, the Debtors assert that "[b]y issuing the Order of Discharge, the [Debtors] state that the appropriate thing for this Court to do is *sua sponte* deny the [Debtors'] Motion to Withdraw the Reference and pursuant to 28 U.S.C. § 1452(b) order remand of the underlying proceedings back to the Cuyahoga County Court of Common Pleas."  (Doc. No. 4, PageID #82.)

Then, in the main bankruptcy case, on November 18, 2025, the Chapter 13 trustee filed her Final Report and Account.  (Main Case Doc. No. 95.)  Therein, "[t]he trustee certifies that, pursuant to Federal Rule of Bankruptcy Procedure 5009, the estate has been fully administered, the foregoing summary is true and complete, and all administrative matters for which the trustee is responsible have been completed."  (*Id.*)  As of the date of this Memorandum Opinion and Order, no party has objected to the Final Report and Account.

## II.  Analysis

Based on the parties' briefing, there are two requests pending before this court: (1) the Debtors' request for withdrawal of the reference to the bankruptcy court; and (2) the Debtors' request that this Court remand the adversary proceeding to state court.  The Court will address each request in turn below.

### A.  The Court denies the Motion to Withdraw

Before addressing the merits of the Motion to Withdraw, the Court finds that the Debtors have specifically requested that the Court deny the motion.  In their October 23, 2025 brief, the Debtors assert that "[b]y issuing the Order of Discharge, the [Debtors] state that the appropriate thing for this Court to do is *sua sponte* deny [their] Motion to Withdraw the Reference and pursuant to 28 U.S.C.

4

§ 1452(b) order remand of the underlying proceedings back the Cuyahoga County Court of Common Pleas." (Doc. No. 4, PageID #82.)  Specifically, in their prayer for relief, the Debtors "request this Court deny [their] Motion to Withdraw the Reference and Remand this Matter to the Cuyahoga County Court of Common Pleas." (*Id.* at PageID #85.)  The Court is inclined to accept the Debtors' invitation and deny their Motion to Withdraw based on their request alone.

Nevertheless, the Court independently denies the Debtors' Motion to Withdraw on the merits. 28 U.S.C. § 157(a) provides that "[e]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district."  This District has made such a referral pursuant to 28 U.S.C. § 157(a).  *See* General Order No. 2012-07 ("any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 are referred to the bankruptcy judges for this district").

Congress granted district courts the ability to "withdraw, in whole or in part, any case or proceeding referred under this section . . . for cause shown."  28 U.S.C. § 157(d).  As recently explained by this Court:

> Courts in this Circuit interpret "cause" under this statute to mean, among other things, the furtherance of "judicial economy, uniformity in bankruptcy administration, reducing forum shopping and confusion, conserving debtor and creditor resources, expediting the bankruptcy process, whether a party has requested a jury trial, and whether the proceeding is core or non-core." *In re O'Neal*, 2008 WL 3932153, at *2; *see also In re Onyx Motor Car Corp.*, 116 B.R. at 91. "If one, or a combination of these factors is satisfied, the Court may find that 'cause' exists." *In re Onyx Motor Car Corp.*, 116 B.R. at 91.

*Holmes v. United States Tr.*, No. 5:25-mc-00017, 2025 U.S. Dist. LEXIS 200438, at *8 (N.D. Ohio Oct. 9, 2025).  Of these factors, the district court "should first evaluate whether the claim is core or non-core, since it is upon this issue that questions of efficiency and uniformity will turn." *Id.* (quoting

5

*In re Brown*, No. 2:14-cv-2014, 2015 U.S. Dist. LEXIS 62141, at *5 (S.D. Ohio May 12, 2015). Indeed, "[w]hether a proceeding is core or non-core is 'the most important factor' in deciding a motion to withdraw reference." *Messinger v. Chubb Group of Ins. Cos.*, No. 1:06MC00121, 2007 U.S. Dist. LEXIS 35842, at *4 (N.D. Ohio May 1, 2007) (quoting *Nat'l Century Fin. Ent., Inc. v. Great Am. Ins. Co.*, No. 2:04CV0908, 2005 U.S. Dist. LEXIS 13379, at *4–5 (S.D. Ohio July 5 2005)).

In their Motion to Withdraw, the Debtors argue that "[w]ith all creditors fully satisfied, keeping this Bankruptcy open for litigation purposes where there are no assets to administer is inefficient, a waste of judicial resources." (Doc. No. 1, PageID #6.) They then assert conflicting positions on whether their claims are core. The Debtors assert that their claims are "'[c]ore' in name only," but then argue that "[l]itigating these claims is not a core proceeding because Pacific Western cannot identify a substantive right created by Bankruptcy Law in these claims or a right created by these claims which could not exist outside of Bankruptcy." (Doc. No. 1, PageID #8.) They also argue that "comity advances deference to state courts when state law claims predominate." (*Id.*) They also argue that under *In re Baker & Getty Fin. Servs.*, 954 F.2d 1169 (6th Cir. 1992), bankruptcy courts cannot conduct jury trials, and that "the Debtors' Jury Demand coupled with two unknown consenting co-Defendants is sufficient additional cause to grant Debtors' Motion." (*Id.* at PageID #10.)

In their Response, Pacific Western asserts that "the question of whether a matter is core must be determined by the Bankruptcy Court," and here, "the Bankruptcy Court has not yet made a ruling" on that issue. (Doc. No. 2, PageID #65–66.) They nevertheless argue that "Debtors' claims in the State Court Action are a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O)." (*Id.* at

6

PageID #67.)  With respect to the remaining factors, Pacific Western asserts that the "Debtors have not yet perfected service upon" the other defendants, and their "failure to serve all of the parties . . . should not be considered a factor to support withdrawal of reference." (*Id.* at PageID #70.)  Pacific Western then argues that "the assertion of a right to a jury trial is not sufficient cause for permissive withdrawal when, as here, the motion made early in the case and dispositive motions may resolve the matter." (*Id.* at PageID #70.)  Pacific Western further argues the remaining factors support denial of the Motion to Withdraw because (1) "[t]he Bankruptcy Court will continue to preside over Debtors' bankruptcy proceeding until the trustee files a final report and final account, the trustee certifies that the estate has been fully administrated, and the Bankruptcy Court issues a final decree;" (2) "the litigation . . . is still in its infancy," (3) "[i]t is too soon to evaluate whether the case is likely to reach trial, and Pacific Western anticipates extensive discovery is likely to occur," and (4) "the Bankruptcy Court is more familiar with the matter." (*Id.* at PageID #73–74.)

Upon balance of the factors identified in *Holmes*, the Court declines to withdraw the reference. First, "the question of whether an adversary proceeding is a core proceeding should initially be decided by the bankruptcy court." *Sicherman v. Crosby (In re Rivera)*, No. 1:05MC5, 2005 U.S. Dist. LEXIS 23304, at *11 (N.D. Ohio Oct. 12, 2005) (citing 28 U.S.C. § 157(b)(3) ("The bankruptcy judge shall determine . . . whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11")).  In this case, upon review of the Bankruptcy Court's docket and the parties' briefing, it does not appear that the Bankruptcy Court has decided whether the adversary proceeding is core or non-core.  This fact alone supports denying the Motion to Withdraw. *See Holmes*, 2025 U.S. Dist. LEXIS 200438 at *9–10 ("Here, the fact that the bankruptcy court has not yet determined whether Plaintiff's claims are core proceedings makes this

7

issue premature"); *FirstEnergy Sols Corp. v. Bluestone Energy Sales Corp.*, No. 5:19MC95, 2019 U.S. Dist. LEXIS 126796, at *4 (N.D. Ohio July 30, 2019) (finding motion for withdrawal of reference "untimely and premature" when "the Bankruptcy Court has not yet made a ruling on whether this Adversary Proceeding involves core or non-core proceedings").

The remaining factors also weigh against the Debtors' request. Contrary to the Debtors' argument, Sixth Circuit law does not prohibit a bankruptcy court from conducting jury trials. Debtors rely upon *In re Baker & Getty Fin. Servs.*, 954 F.2d 1169 (6th Cir. 1992) where the Sixth Circuit held that "Congress had no specific intent to vest bankruptcy judges with the authority to conduct jury trials." *Id.* at 1173. The Debtors would have been correct in 1992 when *Baker* was decided. In 1994, however, "Congress amended 28 U.S.C. § 157 by adding subsection (e) and making clear that a bankruptcy judge may conduct a jury trial." *Dynamic Drywall, Inc. v. McPherson Contrs., Inc. (In re Dynamic Drywall, Inc.)*, No. 14-11131, 2015 Bankr. LEXIS 2413, at *16 (Bankr. D. Kan. July 21, 2015). That subsection provides "[i]f the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties." 28 U.S.C. § 157(e). In this District, Bankruptcy Judges are specially designated to conduct jury trials. *See* Bankruptcy Local Rule 9015-1(a).

Even if the parties here do not consent to a jury trial pursuant to Section 157(e), "as a matter of judicial economy and to avoid confusion, the district court may deny the motion for withdrawal of reference until such time as the matter is ready for trial." 9A Collier on Bankruptcy ¶ 5011.01 (collecting authority); *see also Oggusa, Inc. v. W.I.S.E. Underwriting Agency*, No. 5:21-cv-6-JMH, 2021 U.S. Dist. LEXIS 62745, at *6 (E.D. Ky. Mar. 31, 2021) (denying motion for withdrawal

8

because "the Bankruptcy Court is in a better position to manage and handle the complex pre-trial issues and determine the contract claim to the ongoing bankruptcy matters").  Therefore, judicial economy is served where, as here, the bankruptcy court is already familiar with the parties and the case is in the early stages of the proceeding.  *Id.* ("The litigation of this adversary proceeding is still in its early stages and discovery is ongoing"); *Sweet v. Chambers (In re Chambers)*, No. 11-CV-11313-DT, 2012 U.S. Dist. LEXIS 37157, at *5–6 (E.D. Mich. 20, 2012) ("completing the pre-trial portion in the Bankruptcy Court serves judicial economy"); *FirstEnergy*, 2019 U.S. Dist. LEXIS 126796 at *5 ("Considerable time, effort and resources would need to be marshaled to familiarize the District Court with the issues in this case.  On the other hand, the Bankruptcy Court is fully knowledgeable about the parties and the claims").

In addition to the Motion to Withdraw being premature, judicial economy weighs in favor of keeping this case in the Bankruptcy Court.  The parties have fully briefed a motion to dismiss that raises issues of bankruptcy law.  The Bankruptcy Court is already familiar with this dispute and is in the better position to rule on that motion.  Furthermore, the Motion to Withdraw appears to be inappropriate forum shopping.  Debtors first sought a remand with the bankruptcy court.  When that was unsuccessful, they moved this Court to withdraw the reference two weeks later.  If they believed that this Court was the proper forum, they would have sought to withdraw the reference first, before seeking a remand.

For all these reasons, the Motion to Withdraw is DENIED.

### B.      Request for Remand

28 U.S.C. § 1334(a) grants the district courts "original and exclusive jurisdiction of all cases under" the Bankruptcy Code.  Under 28 U.S.C. § 1452, "[a] party may remove any claim or cause of

9

action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under" 28 U.S.C. § 1334. The case may be remanded "on any equitable ground." 28 U.S.C. § 1452(b). Courts have broad discretion when deciding whether to remand a case under Section 1452(b). *Clouse v. Associate Drywall Suppliers, Inc.*, No. 3:19-cv-303-DJH, 2019 U.S. Dist. LEXIS 126743, at *6–7 (W.D. Ky. July 30, 2019) (collecting authority); 1 Collier on Bankruptcy ¶ 3.07 ("Section 1452(b) gives broad discretion to the district court to which a claim or cause of action has been removed to remand such claim or cause of action back to the court whence it came").

In their October 23, 2025 brief, the Debtors argue that "[t]he issuance of the Movants' discharge has terminated any Estate for the Chapter 13 Trustee to further administer and for the Bankruptcy Court to oversee administration." (Doc. No. 4, PageID #84.) They assert that they "did not assert any independent claims that the Bankruptcy Court, absent the filing of a Bankruptcy, would have jurisdiction over." (*Id.* at PageID #85.) For these reasons, the Debtors argue that "this Court can and should exercise its powers under 28 U.S.C. § 1452(b) and remand this matter to the Cuyahoga County Court of Common Pleas." (*Id.*)

In response, Pacific Western argues that "[c]ontrary to Movants' contention, their Chapter 13 Case remains active and open with the Bankruptcy Court" because "the bankruptcy estate continues to exist until the case is closed or dismissed, regardless of whether a discharge has been granted." (Doc. No. 5, PageID #89–90.) It then argues that "[e]ven if the Bankruptcy Court had closed (or does close in the future) [Debtors'] Chapter 13 Case, the Bankruptcy Court would continue to retain a strong nexus to the underlying proceedings and the trustee would continue to have the authority to manage estate assets, including [Debtors'] claims in the State Court Action and any proceeds

10

[Debtors] may recover therefrom." (*Id.* at PageID #92.)  They assert that "the closing of a bankruptcy case does not divest federal courts of Section 1334(b) jurisdiction over cases that, when filed, were related to the bankruptcy." (*Id.*)

Neither parties' argument is entirely accurate.  When the parties briefed this issue, the bankruptcy case was not closed.  "While the discharge is entered near the end of a majority of cases, the discharge does not end, close, or terminate a bankruptcy case." *In re Killmer*, 513 B.R. 41, 50 (Bankr. S.D.N.Y. 2014); *accord Murdock v. Birmingham Jefferson Cty. Transit Auth.*, No. 2:18-CV-00808-KOB, 2020 U.S. Dist. LEXIS 111944, at *9–10 (N.D. Ala. June 25, 2020) ("the discharge order . . . did not close Ms. Murdock's bankruptcy case").  Instead, a case is closed "[a]fter an estate is fully administered."  11 U.S.C. § 350(a).  A Chapter 13 estate "is presumed to have been fully administered when: (1) the trustee has filed a final report and final account and has certified that the estate has been fully administered; and (2) within 30 days after the filing, no objection to the report has been filed by the United States trustee or party in interest."  Fed. R. Bankr. P. 5009.  While the Debtors' discharge did not close the case, the case is now presumed closed by operation of Rule 5009 because the Trustee filed her Final Report and Account, and no objections have been timely filed.

While the main case is presumed closed, the adversary proceeding can continue in the Bankruptcy Court.  "Generally, dismissal of an underlying bankruptcy case should result in the dismissal of all related adversary proceedings." *Peabody Landscape Constr., Inc. v. Schottenstein*, 371 B.R. 276, 280 (S.D. Ohio 2007) (citing cases).  But as instructed by the Sixth Circuit, a "bankruptcy court may retain jurisdiction over matters related to the bankruptcy even after the underlying case has been adjudicated or dismissed." *Dery v. Cumberland Cas. & Sur. Co. (In re 5900 Assocs.)*, 468 F.3d 326, 330 (6th Cir. 2006); *see also Murray v. Safir Law P.L.C. (In re Murray)*,

11

No. 20-1910, 2021 U.S. App. LEXIS 26753, at *12 (6th Cir. Sept. 3, 2021) ("*5900 Associates*, therefore, instructs that a bankruptcy court retains subject-matter jurisdiction to adjudicate core proceedings after the underlying bankruptcy has been dismissed"). Thus, closing a bankruptcy case does "not [automatically] strip the court of subject matter jurisdiction over the adversary proceeding." *REO Holdings, LLC v. Ditto*, No. 1:19-CV-00206-DCLC-CHS, 2020 U.S. Dist. LEXIS 264554, at *10 (E.D. Tenn. Apr. 7, 2020). When deciding whether to retain jurisdiction over an adversary proceeding, courts assess four factors: judicial economy, fairness, convenience, and comity. *Murray*, 2021 U.S. App. LEXIS 26753, at *14; *Tracy S. v. Fin. Instruments, LLC (In re Tracy S.)*, No. 23-11564, 2024 U.S. Dist. LEXIS 231169, at *8 (E.D. Mich. Dec. 20, 2024); *REO Holdings*, 2020 U.S. Dist. LEXIS 264554 at *10; *Peabody*, 371 B.R. at 280.

The Court finds the Bankruptcy Court is in a better position to address this question in the first instance. The Court has declined to withdraw the reference to the Bankruptcy Court, and this Court does not have exclusive jurisdiction to decide a motion to remand under Section 1452(b). *Chrysler LLC v. Getrag Transmission Mfg., LLC*, No. 08-14592, 2009 U.S. Dist. LEXIS 24359, at *5 (E.D. Mich. Mar. 23, 2009) (referring a motion to remand to the bankruptcy court because "[w]hile Chrysler has cited numerous cases which give this Court the discretion to decide these issues, none of these cases require that this Court *must* decide the issues Chrysler raises"); *In re Atron, Inc.*, No. 1:93-CV-133, 1993 U.S. Dist. LEXIS 6848, at *5–6 (W.D. Mich. Mar. 9, 1993) ("Moreover, courts have construed the Act to authorize the bankruptcy court to make remand determinations in the first instance under 28 U.S.C. § 1452(b)"); *Est. of Lewis v. Anderson (In re Anderson)*, 670 B.R. 528, 543 (Bankr. S.D. Ohio 2025) ("deciding a motion to remand . . . is a core proceeding in which bankruptcy courts may enter final orders").

12

Further, judicial economy is served by referring the Debtors' renewed request for remand to the Bankruptcy Court.  The Bankruptcy Court has already considered the Debtors' initial request for a remand, and the Bankruptcy Court's remand analysis overlaps with the four factors identified above to determine whether the Bankruptcy Court still has jurisdiction over the adversary proceeding. *Watson v. Zigila*, No. 10-12319, 2010 U.S. Dist. LEXIS 94761, at *14 (E.D. Mich. Sept. 13, 2010) (listing seven grounds for equitable remand as including "(1) duplicative and uneconomical use of judicial resources in two forums; (2) prejudice to the involuntarily removed parties; (3) forum non conveniens; (4) the state court's ability to handle a suit involving questions of state law; (5) comity considerations; (6) lessened possibility of an inconsistent result; and (7) the expertise of the court in which the matter was originally pending"); *accord Applegarth v. Power Home Solar, LLC*, No. 2:24-cv-1309, 2025 U.S. Dist. LEXIS 39524, at *32–33 (S.D. Ohio Mar. 5, 2025); *Mann v. Waste Mgmt. of Ohio, Inc.*, 253 B.R. 211, 214–15 (N.D. Ohio 2000).  Thus, the Bankruptcy Court will be able to more efficiently determine what effect, if any, closing the main bankruptcy case has on the adversary proceeding.

Accordingly, the Court denies, without prejudice, the Debtors' request for a remand.  The Debtors are free to raise their request for remand with the Bankruptcy Court.  *See Chrysler LLC*, 2009 U.S. Dist. LEXIS 24359 at *5 ("this Court declines to exercise its concurrent power to determine the issues raised by Chrysler in their Motion. Chrysler is free to raise any or all of these issues before the Bankruptcy Court for the Eastern District of Michigan"); *see also Cox v. Holcomb Family Ltd. P'Ship*, No. 3:13-cv-01688-ST, 2014 U.S. Dist. LEXIS 153474, at *52 (D. Or. Aug. 8, 2014) ("the 'equitable remand' matter is one which should be addressed initially by the Bankruptcy Court"), *adopted by* 2014 U.S. Dist. LEXIS 152439, at *4 (Oct. 26, 2014).

13

**III.    Conclusion**

For the reasons set forth herein, the Debtors' Motion to Withdraw (Doc. No. 1) is DENIED.

**IT IS SO ORDERED.**

                                 *s/Pamela A. Barker*
                                 PAMELA A. BARKER
Date:  December 19, 2025          U. S. DISTRICT JUDGE

14